UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO SOLIS, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HAIR & CO., BKLYN, LLC,<br><br>Defendant. | **ORDER DISMISSING CASE**<br>25-CV-00308 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On January 17, 2025, Plaintiff Roberto Solis initiated this putative class action against HAIR & CO., BKLYN, LLC. *See* ECF No. 1 (Compl.). Plaintiff alleges that he is legally blind and that he was unable to book a hair appointment at Defendant's salon on Defendant's website, which was incompatible with "screen access programs" he needed to use the website. *See id.* ¶¶ 2, 20, 23. He claims that violated, *inter alia*, the Americans with Disabilities Act. *See id.* ¶¶ 69–76. For the reasons provided below, pursuant to Rule 41(b), the Court dismisses this case without prejudice for failure to prosecute.

After Plaintiff filed proof of service, *see* ECF No. 6, the Court directed the parties to file a proposed scheduling order on or before March 20, 2025, *see* ECF No. 8. They failed to do so, and on March 21, 2025, the Court noted that Defendant was in default and directed Plaintiff to request a certificate of default on or before April 4, 2025. *See* Mar. 21, 2025, Text Order. Plaintiff failed to do so. That was his first missed deadline. On April 7, 2025, the Court *sua sponte* extended Plaintiff's deadline to seek a certificate of default to April 11, 2025, warning that failure to comply with that Order would likely result in dismissal for failure to prosecute. *See* Apr. 7, 2025, Text Order. Plaintiff failed to do so. That was his second missed deadline. On April 14, 2025, the Court *sua sponte* gave Plaintiff another extension to April 16, 2025, to

seek the certificate, and warned that failure to do so would result in dismissal. *See* Apr. 14, 2025, Text Order. Plaintiff finally obtained the certificate of default on April 15, 2025, and the Court directed him, *inter alia*, to file his default judgment motion on or before May 15, 2025, and to "attempt to send, as soon as reasonably possible, th[e] order and the Clerk of Court's certificate of default directly to either Defendant or one of Defendant's attorneys, employees, or other representatives" and to "file a declaration by Plaintiff's counsel or other knowledgeable person describing that service on or before April 22, 2025." Plaintiff failed to do either. That was his third missed deadline. The Court *sua sponte* granted him yet another extension of time to May 20, 2025, and warned that failure to comply would likely result in the imposition of sanctions, "including but not limited to dismissal for failure to prosecute." *See* May 19, 2025, First Text Order. Later that day, Plaintiff, *inter alia*, sought an extension of time to move for a default judgment. *See* ECF No. 14. The Court thereafter entered the following Order:

> ORDER: Plaintiff's request for a thirty-day extension of time to move for a default judgment is DENIED. *See* ECF No. 14. Based on Plaintiff's multiple missed deadlines in this action, the Court has no reason to believe that an additional extension of time would meaningfully advance the resolution of this matter. *See* Fed. R. Civ. P. 1. Plaintiff represents that "Counsel for Defendant has contacted counsel for Plaintiff to resolve this matter, however additional time is required to either reach a resolution or for Defendant to enter an appearance." That request has no basis in Rule 12 nor elsewhere in the law. Defendant is in default. Plaintiff has been aware of this for over six weeks. The parties are free to try to resolve this matter, but the Court is not in the business of holding cases open on its docket merely to facilitate settlement. Plaintiff is directed to serve this Order on Defendant's counsel today, May 19, 2025, and to file proof of that service on or before May 20, 2025.

*See* May 19, 2025, Second Text Order. Plaintiff indicated that he emailed the Order to defense counsel. *See* ECF No. 15. But he did not move for a default judgment—his fourth missed deadline in four months.

When dismissing claims for failure to prosecute pursuant to Rule 41(b), the Second Circuit has directed district courts to weigh the following factors: "(1) the duration of the

2

plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *See Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).[1]  No single factor is dispositive.  *See id.*

As the above chronology indicates, Plaintiff, acting through counsel, has repeatedly failed to abide by basic Court orders.  Although the Court is cognizant that a dismissal under Rule 41(b) is among "the harshest of sanctions," the balance of factors in this case supports dismissal. *See id.* at 216–17.  To be clear, the Court does not condone Defendant's failure to appear in this action.  But "[i]t is an attorney's responsibility to press his client's case." *Smalls v. Port Auth. of N.Y. & N.J.*, 120 F. App'x 396, 398 (2d Cir. 2005).  This includes, of course, seeking a default judgment in a timely manner.  *See Hedges v. Cire Trudon USA, Inc.*, No. 20-cv-1771, 2021 WL 3774295, at *1–2 (S.D.N.Y. Aug. 25, 2021) (dismissing case for failure to prosecute where plaintiff failed to move for default judgment).  And although "[i]t is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute [an] action," *Smalls*, 120 F. App'x at 398, the Court has done just that, consistent with the imperative to "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1.  Nevertheless, Plaintiff has repeatedly disregarded the Court's efforts.  So, this action should now be dismissed.

The first factor supports dismissal.  Even though the respective delays in this case have been short in absolute terms, that was only because the Court has closely monitored the docket and reminded Plaintiff of his deadlines.  The Court has little doubt that, had it not provided such

---

[1]   Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

reminders to Plaintiff, delays would have piled up. By missing deadlines and seeking extensions, Plaintiff's counsel, Mr. Salim, repeatedly fails to move cases before this Court toward trial. *See Layne v. Brooklyn Craft Prods., LLC*, No. 25-cv-00021, May 16, 2025, Text Order (E.D.N.Y. filed Jan. 2, 2025) (denying motion for an extension of time based on parties' engagement in settlement discussions); *Hernandez v. Miansai, Inc.*, No. 24-cv-08185, Jan. 10, 2025, Text Order (E.D.N.Y. filed Nov. 25, 2024) (failure to file proposed case management plan); *Hernandez v. Bonpoint USA, Inc.*, No. 25-cv-00641, Mar. 31, 2025, Text Order (E.D.N.Y. filed Feb. 5, 2025) (same). More troublingly, counsel's conduct indicates a willful disregard of Court orders. Plaintiff's motion for an extension of time to move for a default judgment was denied. And yet, despite being aware of this, he chose not to move. That is, definitionally, a failure to prosecute. *See Grimes v. Best Buy Co.*, No. 22-cv-00900, 2024 WL 5517725, at *3 (E.D.N.Y. Sept. 4, 2024) (dismissing case for failure to prosecute despite relatively short delay where counsel's failure to obey orders appeared willful); *see also Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) ("[A] short delay by the plaintiff may still properly result in dismissal if plaintiff had willfully failed to comply with multiple court orders during the course of the action.").

The second factor concerning notice also supports dismissal, as Plaintiff was warned three separate times that failure to take the steps necessary to obtain a default judgment could result in dismissal. The third factor, prejudice, does not clearly cut in either direction. Where Plaintiff is unresponsive for a long period of time, the Court may presume prejudice. *See Hegdes*, 2021 WL 3774295, at *1. But Defendant is in default, so any prejudice is at least partially attributable to its own failure to participate in this action.

The fourth factor of judicial economy strongly supports dismissal. The Court has been a more active participant in this case than Plaintiff and thus has an interest in eliminating this case

4

from its docket. As the Court has already indicated, Plaintiff has sought an extension of time to move for a default judgment so he can try to "reach a resolution" out of Court. *See* ECF No. 14. The time to do that without the force of the Court was before initiating litigation. As the Court has already made clear, it is not this Court's role to keep this case in a holding pattern merely to increase pressure on Defendant to settle. Rather, it is the Court's responsibility to move this case forward. Ultimately, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-cv-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (dismissing claims pursuant to Rule 41(b)). Clearing this case from the Court's calendar will permit the Court to prioritize its criminal docket and the civil matters of those plaintiffs committed to the vigorous prosecution of their claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

Finally, I have considered less drastic sanctions. But since providing multiple warnings that this case would be dismissed if Plaintiff failed to pursue a default judgment, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-cv-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored an order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). Further, because Mr. Salim has made clear that he is interested in obtaining a settlement for his client out of Court rather than winning a final judgment here, despite it being easily within reach, "the Court is unaware of . . . how a lesser sanction would prompt Plaintiff to comply" with its Order directing Plaintiff to seek a default judgment. *Rodriguez v. Cavala Café Corp.*, No. 14-cv-8907, 2016 WL 4467557, at *3 (S.D.N.Y. Aug. 22, 2016) (dismissing under Rule 41(b)).

## **CONCLUSION**

For the reasons set forth above, the Court dismisses Plaintiff's claims without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter judgment and to close this case.

Plaintiff's counsel is directed to serve a copy of this Order on defense counsel and to file an affidavit confirming his compliance with this Order on or before May 23, 2025.

SO ORDERED.

                                                          */s/ Hector Gonzalez*
                                                          HECTOR GONZALEZ
                                                          United States District Judge

Dated: Brooklyn, New York
         May 21, 2025